IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DEREK ELROD, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | Civil Action No. _____ |
| § | |
| SEDGWICK CLAIMS MANAGEMENT § | |
| SERVICES, INC. § | |
| § | |
| Defendant. § | |

COMPLAINT

Plaintiff Derek Elrod ("Plaintiff"), for his Complaint against Defendant Sedgwick Claims Management Services, Inc. ("Defendant"), would show as follows:

Parties, Jurisdiction and Venue

1.  Plaintiff is an individual.

2.  Defendant is a corporation and, on information and belief, may be served through its registered agent for service of process, Corporation Service Company D/B/A CSC-Lawyers Inc., 211 E. 7th Street, Suite 620, Austin, Texas 787013. Jurisdiction is proper on the ground of the existence of a federal question under 28 U.S.C. § 1331 based on Plaintiff's claim under the Employee Retirement Income Security Act, 29 U.S. C. §1001 et seq. ("ERISA").

4.  Venue is proper.

COMPLAINT – Page 1

Facts

5.     Plaintiff is employed by AT&T, and through such employer, covered by a short-term disability benefits policy and long-term disability benefits policy administered and insured by Defendant through an employee benefits plan named AT&T Mobility Disability Benefits Program for Southwest Bargained Employees. As of August 9, 2017, Plaintiff could, intermittently, not work as a result of chronic dysautonomia and postural orthostatic tachycardia syndrome, attention deficit, chronic fatigue, body pain, brain fog, shortness of breath and dizziness from standing and made a claim to benefits under the short-term disability benefits policy. Plaintiff received short-term disability benefits from August 16, 2017 through July 5, 2018 and from February 22, 2020 through February 27, 2020. Plaintiff then could not work because of the condition referred to above from March 2, 2020 to April 19, 2020.  Despite attempting to work from April 20, 2020 to May 29, 2020, beginning May 30, 2020, Plaintiff became unable to work due to the same conditions referred to above.

6.     By letter dated April 8, 2020, Defendant denied short-term disability benefits to Plaintiff beginning March 2, 2020.  Defendant alleged there was no clinical evidence to support Plaintiff's disability. Defendant then reversed its decision and approved benefits for March 2, 2020 through April 19, 2020.

7.     From May 30, 2020 through June 6, 2020, Defendant did not pay Plaintiff benefit, purportedly because of a waiting period. However, Defendant did not provide Plaintiff with any documentation which stated any waiting period was applicable to his claim.  Based on information received from a representative of Defendant in its appeals department, Plaintiff believed no waiting period was applicable when unable to work due to a recurring condition

for which he had previously been awarded benefits. By letter dated June 10, 2020, Plaintiff accordingly appealed Defendant's April 8, 2020 denial of short-term disability benefits as to the period beginning April 20, 2020.

8. On June 6, 2020, Plaintiff again attempted unsuccessfully to return to work.

9. By letter dated July 7, 2020, Defendant reiterated its April 10, 2020 denial of benefits to Plaintiff under the short-term disability policy for any period on or after April 20, 2020.

10. By letter dated July 20, 2020, Defendant provided Plaintiff with reports from independent physician advisors and solicited a response from Plaintiff and stated a decision would be rendered by October 23, 2020. By letter dated September 8, 2020, Defendant again stated there was no clinical evidence of Plaintiff's disability from June 6, 2020, when Plaintiff attempted unsuccessfully to return to work. Plaintiff, therefore, provided Defendant with supplemental medical records on August 31, 2020 and September 15, 2020.

11. By letter dated October 6, 2020, Plaintiff responded to the peer review reports of the independent physician advisors enclosed with Defendant's July 20, 2020, letter and reminded Defendant that Plaintiff continued to suffer from the same condition referred to above.

12. Plaintiff attempted to return to work on several occasions between November 24, 2020, and March 1, 2021, but was unsuccessful due to continued relapses of the condition referred to above.

13. By letter dated October 27, 2020, Plaintiff appealed the denial of short-term benefits due but not paid for prior periods and continued to supplement with relevant medical

records and also provided responses to peer review reports obtained by Defendant on February 4, 2021 and March 15, 2021. Additionally, Plaintiff tried to return to work on November 24, 2020, but then could not work from December 17, 2020 through March 24, 2021 based on the condition referred to above.

14. By letter dated May 3, 2021, Defendant was again denied short-term disability benefits for July 4, 2020 through November 23, 2020 but granted short-term disability benefits for the period June 6, 2020 through July 3, 2020. Defendant also denied short-term disability benefits to Plaintiff from December 20, 2020 through March 1, 2021.

15. In its May 3, 2021 denial and prior denials of short-term disability benefits to Plaintiff, Defendant improperly relied upon a standard of disability distinct from that provided for in the governing policy, improperly ignored Plaintiff's medical condition and testing of such condition and specific determinations of Plaintiff's disability based on such condition, improperly ignored certain medical records of Plaintiff, improperly misrepresented certain medical records of Plaintiff, improperly dismissed the significance of other medical records of Plaintiff and improperly ignored other statements of Plaintiff's impairments.

16. In connection with its disposition of the claims of Plaintiff under the short-term disability benefits policy, including its denial of short-term disability benefits to Plaintiff by its May 3, 2020 denial, Defendant engaged in conduct not consistent with its fiduciary duty to Plaintiff under ERISA and in violation of provisions of ERISA and regulations promulgated pursuant to ERISA, including Section 1133(2) of ERISA, requiring that a participant whose claim for benefits has been denied be afforded a reasonable opportunity for a full and fair review by the appropriate named fiduciary of the decision denying his claim, one or more of the

COMPLAINT – Page 4

requirements of 29 CFR 2560.503-1(b)(5) that benefit claim determinations be made in accordance with governing plan documents and that plan provisions be applied consistently with respect to similarly situated claimants, the requirements of 29 CFR 2560.503-1(g) as to the content of any adverse benefit determination, the requirement of 29 CFR 2560.503-1(h)(2)(iv) that a fiduciary take "into account all comments, documents, records and other information submitted by the claimant relating to the claim without regard to whether such information was submitted or considered in the initial benefit determination," the requirement of 29 CFR 2560.503-1(h)(3)(iii) that any medical judgment must be the result of consultation with a health care professional with appropriate training and experience in the field of medicine involved in the medical judgment, the requirement of 29 CFR 2560.503-1(h)(3)(iv) that any medical or vocational experts whose advice was obtained in connection with an adverse benefit determination by identified without regard to whether the advice was relied upon in making the benefit determination, the requirement of 29 CFR 2560.503-1(h)(3)(v) that any health care professional consulted in connection with any adverse benefit determination be an individual who was not consulted with the adverse benefit determination that was the subject of the appeal, nor a subordinate of such individual, and the requirements of 29 CFR 2560.503-1(j) as to the manner and content of a benefit determination on review.

17. Based on the terms of the governing short-term disability policy and long-term disability benefits policy, Defendant's denials of benefits are subject to de novo review and, so reviewed, must be determined to have been wrong, Alternatively, based on Defendant's violation of one or more requirements of 29 CFR 2560.503-1, Defendant's denials of benefits are subject to de novo review and, so reviewed, must be determined to have been wrong. Again

in the alternative, in the event Defendant's denial of benefits are subject to review only for abuse of discretion, Defendant, to the extent of any discretion, abused such discretion.

## Claims

18. For his first cause of action, Plaintiff would show that Defendant wrongfully denied benefits due to his under the short-term disability benefits policy for one or more periods, including July 4, 2020 through November 23, 2020 and December 24, 2020 through March 1, 2021. Defendant is accordingly liable under Section 1132(a)(l)(B) of ERISA for all short-term disability benefits due but not paid to Plaintiff under the short-term disability benefits policy, prejudgment interest thereon and his attorney's fees and expenses and costs of court.

## Alternative Relief

19. In light of Defendant's violation of one or more requirements of 29 CFR 2560.503-1, remand of Plaintiff's claim against Defendant for further administrative review may be appropriate prior to full adjudication by this Court of Plaintiff's claim, and Plaintiff accordingly reserves the right to seek remand.

WHEREFORE, Plaintiff prays this Court grant him judgment against Defendant for all appropriate relief.

Respectfully submitted,

/s/ Robert E. Goodman, Jr.
Robert E. Goodman, Jr.
State Bar No. 08158100
reg@kilgorelaw.com
Kilgore & Kilgore, PLLC
3109 Carlisle Street
Dallas, Texas 75204
(214) 379-0823
(214) 379-0840 (telecopy)

COUNSEL FOR PLAINTIFF

COMPLAINT – Page 7